**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEZHONG TIAN, | No. 09-70144 |
| Petitioner, | Agency No. A099-047-161 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Dezhong Tian, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The BIA reasonably concluded Tian's testimony was non-responsive to several questions, appeared to be memorized, and lacked detail regarding his religious practice in the United States. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). Therefore, the record does not compel the conclusion Tian was credible. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007). In the absence of credible testimony, Tian's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of CAT protection because Tian's CAT claim is based on the same statements the agency found not credible, and there is no other evidence in the record that would compel a finding it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57. Accordingly, Tian's CAT claim fails.

**PETITION FOR REVIEW DENIED.**